**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD BAXTER,

    Plaintiff,

v.                                                  Case No. 08-CV-10291-DT

MARK BOSTIC, et al.,

    Defendants.
                                                /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
"PLAINTIFF'S EX PARTE MOTION FOR ORDER FOR ALTERNATE SERVICE
AND FOR ISSUANCE OF THIRD SUMMONS"**

On January 18, 2008, Defendant City of Detroit, at that time the only served Defendant, filed a notice of removal in this court. Plaintiff Ronald Baxter filed a motion for an issuance of a second summons on March 3, 2008, stating that he had been unable to effectuate service on the individual Defendants. The court permitted a second summons, which expires on April 18, 2008. Currently pending before the court is "Plaintiff's Ex Parte Motion for Order for Alternate Service and for Issuance of Third Summons."

Federal Rule of Civil Procedure 4 provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th

Cir.1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

In his motion, Plaintiff details the difficulty he has had in serving individual Defendants "Lt. Brown," "Sgt. D. Siata" and Derrick Hayes[1] and requests an issuance of a third summons for these three Defendants that will expire in 120 days. Under these circumstances, the court finds that Plaintiff has made a minimal showing of good cause necessary to justify a third summons. Nonetheless, because this is the second extension Plaintiff has requested, the court is not persuaded that an additional 120 days is warranted. Instead, the summons will expire on April 30, 2008, and the court is not inclined to permit any further extensions.

In addition, Plaintiff has subsequently notified the court that he also requests permission to serve Hayes using a combination of regular mail, certified mail and affixing the summons and complaint to the front door of his residence. Plaintiff has not, however, sufficiently shown that service of process cannot reasonably be made for Hayes as provided by Federal Rule of Civil Procedure 4. Plaintiff's motion merely details his difficulty in obtaining specific information regarding Hayes's current address, and there is no indication that Plaintiff has encountered difficulties that additional time and effort is unlikely to resolve. The court is not persuaded at this time that service upon Hayes cannot reasonably be completed in the normal manner. Accordingly,

IT IS ORDERED that "Plaintiff's Ex Parte Motion for Order for Alternate Service and for Issuance of Third Summons" [Dkt. # 6] is GRANTED IN PART AND DENIED IN

---

[1]Although Plaintiff's motion also asks for a third summons as to Defendants Mark Bostic, David Wilkerson and Chrystal Hunter, Plaintiff has subsequently notified the court that these individual Defendants have now been served.

PART. A third summons shall be issued, and the summons shall expire on **April 30, 2008**. In all other respects, Plaintiff's motion is denied. If, after more diligent efforts, unusual circumstances prevent Plaintiff from serving Defendant Derrick Hayes, Plaintiff may file another motion detailing his efforts and requesting alternate service.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522